By the Court :
The complainant comes before us seeking equitable relief against the defendants upon the ground that they are equally liable with himself to pay the money which he has actually been compelled to pay. This liability the defendants controvert. But the complainant contends they are precluded from disputing his claim by *397 the joint judgment against them all at law. The first question to be determined is, whether it is competent for the defendants to show that they were not actual parties to, and did not make defense against, the suit at law.
It is not pretended, on either side, but that the judgment, as between the parties, plaintiff and defendants, is conclusive. Tho matter debated is, whether, as between the defendants themselves, it is equally conclusive. And we are of opinion that it is not.
As between the defendants to a suit, nothing is adjudicated by a joint judgment against them. Their joint liability to *the plaintiff is established as between him and them, and nothing more. Who of tho defendants ought to pay the debt, or in what proportions they should contribute to pay it, remains to be settled between themselves, and must remain open for controversy.
If each defendant is actually before the court, and makes defense, it may be that, as between each other, the original liability is established. But this can not be admitted, in a case where the complainant in equity was before the court, an actual defendant, and the defendants in equity were put before the court by the act of the complainant himself, and the proceedings had without their knowledge. Were this permitted, very little effort would be necessary to fix individuals with unheard of liabilities. It can not be controverted, but that, in case of a judgment against joint obligors upon a bond, if one paid the whole and brought his bill for contribution, it would be competent for the other to prove that he was originally only a security, and therefore not liable. So in case of a judgment against one of two obligors, and payment coérced, in a suit against the other for contribution, the execution of the bond must be proved.
The defense set up here is, that the defendants never signed the original call, and were in fact parties to the judgment, except by' the procurement of the complainant. This defense, it is said, impeaches the judgment collaterally, which is not allowable. On the contrary, we are of opinion that it does not affect the judgment at all, as between the parties to it. It is. but showing a reason why it is not conclusive between others, who were co-defendants in it, and whose relative rights were not settled by it.
The defendants, who resist their present liability, were brought before the court by the attorney employed by the complainant, without their knowledge, or consent, and judgment passed against *398 them before they knew a suit was pending. This fact is established by the testimony of the attorney himself. In bringing these parties before the court, .he acted as the agent of the complainant; and, if not by his direct procurement, it was in consequence of the character conferred upon him, by appearing as attorney for the complainant, who, if conusant of the fact, is equally culpable with the attorney. Be that as it may, the connection ^between those who improperly caused the appearance to be entered, is too intimate to permit the acts of any one of them to conclude those who, by their agency, were made parties. In this light we regard the judgment as collusive, and consequently it proves nothing against the defendants in this case.
It is objected that the fact of the collusion is proved only by the testimony of the attorney, who was inadmissible upon account of interest, and whose veracity is impeached. The interest of the witness is only that of every agent, or every person who assumes to act as an agent. Between parties affected by his acts, he may be called upon to prove his agency, or to prove the fact that he acted without authority. The decision founded upon his testimony can not be given in evidence to affect him, if an action be brought against him with respect to his conduct. And the fact, that to speak the truth may disclose matter whereon to ground a civil action against him, furnishes no excuse from testifying in his own mouth, much less can either party make it an objection to his testifying. We do n.ot consider his testimony discredited by the impeaching evidence. He is corroborated by many circumstances, as well as by the oaths of the defendants, in their answers, which is in no respect answered or impeached.
Independent of the judgment against them, there is no proof that the defendants, now before us, ever subscribed the call to Mr. Jones, on which the judgment is founded. They all deny it positively, or qualifiedly. The complainant does not show that he is entitled to the relief sought, which, as the case stands, it is incumbent on him to do. The bill is dismissed as to those defendants who have answered, and is continued as to those in default.